IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

| | |
|---|---|
| COOK, HEYWARD, LEE, HOPPER, & FEEHAN, P.C., a Virginia Professional Corporation, *et al.*, | |
| v. | Case No. 3:12-CV-0131-HEH |
| TRUMP VIRGINIA ACQUISITIONS LLC, *et al.*, | |
| Defendants. | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF
RULE 12(b)(1) MOTION TO DISMISS**

COME NOW, the defendants, TRUMP VIRGINIA ACQUISITIONS, LLC, TRUMP VINEYARD ESTATES, LLC, THE TRUMP ORGANIZATION, INC., and JASON GREENBLATT (collectively, "Defendants"), by counsel and pursuant to Rule 12(b)(1) of the FED. R. CIV. P., and state as follows in support of their Rule 12(b)(1) Motion to Dismiss this action.

**STATEMENT OF THE CASE**

Plaintiffs filed their three-count Complaint in this Court on February 17, 2012. (Dkt. No. 1, Compl., 1). Defendants promptly filed a Rule 12(b)6) Motion to Dismiss Count III of the Complaint, which alleged that Defendants were liable for Defamation *Per Se*. (Dkt. No. 16, Motion to Dismiss, 1). After the issue was briefed by both parties, the District Court granted Defendants' Motion to Dismiss by order dated May 23, 2012 (the "Dismissal Order"). (Dkt. No. 33, 1).

Plaintiff Hopper immediately moved this Court to enter judgment under FED. R. CIV. P. 54(b) on his portion of Count III, which was the only Count in which he was a

plaintiff. (Dkt. No. 34, 1). This Court initially granted that Motion, and Plaintiff Hopper filed his Notice of Appeal of the Dismissal Order with the Fourth Circuit. After the Fourth Circuit requested a clarification of the grounds for the Rule 54(b) Entry of Judgment, this Court vacated its Order Entering Final Judgment and requested briefing on the issue. (Dkt. No. 45).

In their supplemental briefing, Plaintiffs sought to have final judgment entered for all three plaintiffs to make the Order appealable for all three. (See Dkt. No. 46). After the briefing, the District Court denied the motion. (Dkt. No. 50). With the Rule 54(b) Motion denied, the parties entered a Rule 41(a)(1)(A)(ii) Stipulation of Dismissal dismissing the two remaining Counts. (Dkt. No. 51, Stipulation of Dismissal). That Stipulation of Dismissal (the "Stipulation") explicitly stated that the dismissal was "without prejudice" and noted that it would not impair the parties' rights with respect to Count III.

After the Stipulation of Dismissal was entered with the District Court, Plaintiffs again noted their appeal of the Dismissal Order. (Dkt. No. 54). On August 27, 2013, after initial briefing of the issues raised by Plaintiffs in their appeal of the Dismissal Order had been completed, the Fourth Circuit requested supplemental briefing on the issue of whether appellate jurisdiction exists over the Order in light of its August 26, 2013, decision in Waugh Chapel South, LLC v. United Food & Commer. Workers Union Local 27, ___ F.3d ___, No. 12-1429, 2013 U.S. App. LEXIS 17752 (4th Cir., Aug. 26, 2013). (Fourth Circuit ECF No. 41, Supp. Briefing Order, 1-2).

On September 11, the Fourth Circuit entered an order dismissing Plaintiffs' appeal for lack of jurisdiction and remanding the action to this Court "for reinstatement

of Counts I and II of the plaintiffs' complaint, which were previously dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii)." (Fourth Circuit ECF No. 47, Remand Order, 1). Defendants petitioned that Court for rehearing on the issue of how it could order reinstatement, given the previous voluntary dismissal of Counts I and II. (Fourth Circuit ECF No. 49, Pet. for Reh'g, 2-14). That Court denied Defendants' Petition for Rehearing without comment on October 8. (Fourth Circuit ECF No. 51, Order Denying Pet. for Reh'g, 1).

## LEGAL STANDARD

Federal Courts "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994)(internal citations omitted). "'Jurisdiction is the power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'" Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998)(Ex parte McCardle, 74 U.S. 506, 514 (1869)). Furthermore, the Fourth Circuit and Supreme Court have both noted that courts must "'give the Federal Rules of Civil Procedure their plain meaning.'" Marex Titanic, Inc. v. Wrecked & Abandoned Vessel, 2 F.3d 544, 546 (4th Cir. 1993)(Pavelic & LeFlore v. Marvel Entertainment Group, 493 U.S. 120, 123 (1989)). "As with a statute, [the court's] inquiry is complete if [it] find[s] the text of the Rule to be clear and unambiguous.'" Id. (Business Guides v. Chromatic Communications Ent., 498 U.S. 533, 540-41 (1991)).

In the present case, Plaintiffs voluntarily dismissed Counts I and II pursuant to FED. R. CIV. P. 41(a)(1)(A)(ii). This Court must refer to the plain language of that Rule, as well as any other applicable Rule, to determine whether it now has jurisdiction to rule

on the merits of Counts I and II. If, based on that plain language, the Court lacks jurisdiction, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co., 523 U.S., at 94 (internal quotation omitted).

## ARGUMENT

I. **This Court Lacks Jurisdiction to Adjudicate the Merits of Counts I and II.**

In relevant part, FED. R. CIV. P. 41 provides that "the plaintiff may dismiss an action without a court order by filing … a stipulation of dismissal signed by all parties who have appeared." FED. R. CIV. P. 41(a)(1)(a)(ii). The Fourth Circuit has interpreted that plain language to mean that a Rule 41(a)(1) voluntary dismissal "is self-executing, i.e., it is effective at the moment the notice is filed with the clerk and no judicial approval is required." Marex Titanic, Inc. v. The Wrecked & Abandoned Vessel, 2 F.3d 544, 546 (4th Cir. 1993).[1] The effect of filing a Rule 41 voluntary dismissal is simple: "after an action is voluntarily dismissed, the court lacks authority to conduct further proceedings on the merits." In re: Matthews, 395 F.3d 477, 480 (4th Cir. 2005)(citations omitted).

The Fourth Circuit has twice faced appeals after a district court acted with respect to the merits of a voluntarily dismissed action. In Marex Titanic, the district court vacated a Rule 41(a)(1) voluntary dismissal and allowed a defendant to intervene in the dismissed case. 2 F.3d, at 545. The Fourth Circuit reversed, holding that the plain language of Rule 41 deprived the district court of discretion to vacate the voluntary

---

[1] Although Marex Titanic addressed a Rule 41(a)(1)(i) dismissal, the language of Rule 41 giving effect without a court order is the same for both notices of dismissal and stipulations of dismissal. The Fourth Circuit has also strongly implied that Rule 41(a)(1)(A)(ii) dismissals are effective immediately upon filing by contrasting dismissals requiring court approval with those effectuated "by the filing of a stipulation of dismissal signed by all parties pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii)." Marino v. Pioneer Edsel Sales, Inc., 349 F.3d 746, 752 n.1 (4th Cir. 2003). Finally, most of the other circuits have held, "directly or implicitly … that a stipulation filed under Rule 41(a)(1)(A)(ii) is self-executing and dismisses the case upon filing." See Anago Franchising, Inc., v. Shaz, LLC, 677 F.3d 1272, 1277-78 (11th Cir. 2012)(discussing the various circuits adhering to this rule).

4

dismissal and proceed with the merits of the "defunct action filed by Marex." Id., at 547-48. Similarly, in Matthews, the United States originally filed a forfeiture action, but later dismissed the same voluntarily. 395 F.3d, at 479. After Matthews filed his own actions in other courts seeking the return of the property, the district court entered an order retaining jurisdiction to determine the ownership thereof. Id., at 479-80. The Fourth Circuit again reversed, holding that, "[o]nce the United States voluntarily dismissed its forfeiture action, all proceedings in the action were terminated, and the district court lacked the authority to issue further orders addressing the merits of the case." Id., at 482.

This case falls squarely within the holdings of Matthews and Marex Titanic. The dismissal of Counts I and II in this action was through a stipulation under Rule 41(a)(1). The stipulation was effective immediately upon filing. No court order was necessary to effectuate the Stipulation, and this Court was without discretion to refuse to enter it. This lack of discretion means that, just as the district court in Marex Titanic could not vacate the notice of dismissal, this Court may not now vacate the Stipulation and address Counts I and II. Furthermore, just as the district court in Matthews could not reach the merits of the underlying forfeiture action, this Court may not in any way address the merits of Counts I and II. Put simply, those counts have been dismissed and are not before this Court. This Court should, therefore, dismiss Plaintiffs' action.

II. **The Remand Order Did Not Reinstate Counts I and II before This Court.**

Given the plain language of Rule 41(a)(1)(A)(ii) and Fourth Circuit precedent, it is clear that this Court lost jurisdiction over Counts I and II immediately upon the filing of the Stipulation of Dismissal. However, that loss of jurisdiction does not necessarily end

5

this Court's inquiry. The Fourth Circuit ordered that the action be remanded "for reinstatement of Counts I and II of the plaintiffs' complaint, which were previously dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii)." (Fourth Circuit ECF No. 47, Remand Order, 1). This court must now read and interpret the Fourth Circuit's Order consistent with the authority and mechanisms provided for in the Federal Rules of Civil Procedure. The court cannot, however, execute the order in a manner that exceeds the authority granted by the Federal Rules.

The Remand Order did not, in and of itself, revive and bring Counts I and II back from their dismissed status. Indeed, the Remand Order **could not** have had that effect. A federal court may only act according to the "power authorized by Constitution and statute, which is not to be expanded by judicial decree." Kokkonen, 511 U.S., at 377 (internal citations omitted). Although the FED. R. CIV. P. may, in some instances, allow for reinstatement of dismissed claims, those Rules require that any reinstatement be undertaken in the first instance by a District Court and do not provide means for Courts of Appeals to accomplish reinstatement. As a result, the Fourth Circuit could not have reinstated Counts I and II in the first instance on appeal.

> A. **Relief from the Stipulation of Dismissal would require a motion before this Court.**

FED. R. CIV. P. 60(b) sets forth the procedure and standards for a litigant to receive relief from a judgment or order. The District of New Mexico has held that Rule 60(b) may in some instances afford litigants relief from a Rule 41(a)(1)(A)(ii) stipulation of dismissal. See Federated Towing & Recovery, LLC v. Praetorian Ins. Co., 283 F.R.D. 644, 655 (D.N.M. 2012)(discussing various cases and rules and deciding that the Tenth Circuit would allow Rule 60(b) vacatur of a stipulation of dismissal before denying such

relief on the facts of that case). Defendants do not admit that the Fourth Circuit would follow the District of New Mexico's analysis and allow Rule 60(b) relief from a stipulation of dismissal. However, even assuming, arguendo, that Rule 60 can afford relief from stipulations of dismissal, the Fourth Circuit's Remand Order did not grant such relief.

The Remand Order could not grant Rule 60(b) relief, because Rule 60 motions can only be brought before a district court: "Disposition of Rule 60(b) motions is within the discretion of the district court and such rulings will not be overturned absent an abuse of that discretion." McLawhorn v. John W. Daniel & Co., 924 F.2d 535, 538 (4th Cir. 1991). The Federal Rules of Appellate Procedure do not contain any provision allowing a Court of Appeals to grant relief from a judgment or order in the first instance on appeal, much less to grant such relief sua sponte, without motion or response from the parties before it. The Plaintiffs never filed a Rule 60 Motion, and the Remand Order does not, on its face, mention Rule 60(b) or purport to grant such relief. This lack of an indication that the Fourth Circuit intended to provide that relief, coupled with the lack of motion and lack of authority for an appeals court to provide Rule 60(b) relief, precludes any attempt to rely on Rule 60(b) for the proposition that the Fourth Circuit reinstated Counts I and II.

B. **Reinstatement through filing the same claims again would require a new Complaint in this Court.**

As the Fourth Circuit has noted, "a dismissal without prejudice 'operates to leave the parties as if no action had been brought at all.'" Matthews, 395 F.3d, at 480 (Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir. 1978)). Although a district court "lack[s] authority to adjudicate the merits" of a voluntarily dismissed action, it could hear another action involving the voluntarily dismissed claims. See id., at 482 (discussing Marex

Titanic, Inc., 2 F.3d, at 547-48). Re-filing the same claim would, therefore, effectively accomplish reinstatement. See also Choice Hotels Int'l, Inc. v. Goodwin & Boone, 11 F. 3d 469,475 n. 4 (4th Cir. 1993)(Britt, D. J., dissenting)("Moving to reopen and refilling the identical case are, of course, the same."). Indeed, Plaintiffs indicated in their filings before the Fourth Circuit that the Stipulation leaves them free to re-file Counts I and II before this Court or in another tribunal of competent jurisdiction. (See Fourth Circuit ECF. No. 43, Appellants' Supp. Br. on Jurisdiction, 5 n. 2). Defendants agree that re-filing would effectively reinstate Counts I and II before this Court. However, re-filing would require a new Complaint with a new case number, which Plaintiffs have not filed and obtained. Counts I and II are, therefore, not before this Court on the basis of being re-filed.

Plaintiffs are free to move for Rule 60(b)[2] relief from the Stipulation or re-file Counts I and II in a new Complaint before this Court. Until Plaintiffs take such action, Counts I and II are and will remain dismissed, leaving this Court without authority to adjudicate those claims. Without those two counts, nothing remains before this Court over which it retains jurisdiction to adjudicate. Lacking jurisdiction over the merits of any claim, nothing remains for this Court but "announcing the fact and dismissing the cause." Steel Co., 523 U.S., at 94 (internal quotation omitted). This Court should, therefore, dismiss Plaintiffs' action.

---

[2] Defendants deny that Plaintiffs are entitled to Rule 60(b) relief. A party may not seek relief from a judgment resulting from its own strategic choices in the litigation. See Aikens v. Ingram, 652 F.3d 496, 501 (4th Cir. 2011); and Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 413 (4th Cir. 2010). Plaintiffs' decision to enter the Stipulation was such a strategic choice, which will not justify relief from the Stipulation. However, that issue need not be addressed until such time as Plaintiffs make a Rule 60(b) motion. For the purposes of this Motion, all that matters is that Rule 60(b) relief has not been granted and remains unavailable until Plaintiffs move for the same.

## **CONCLUSION**

Under the plain language of Rule 41 and the Fourth Circuit's interpretation thereof, this Court is without jurisdiction to address the merits of Counts I and II as the action currently stands. Without jurisdiction to address the merits, this Court should grant this Motion, dismissing Plaintiffs' action without prejudice.

/s/ Gary A. Kalbaugh, Jr.
G.A. "Chip" Kalbaugh, VSB# 26310
Brian A. Cafritz, VSB# 34366
James L. Hoyle, VSB# 82238
*Counsel for Defendants*
KALBAUGH, PFUND & MESSERSMITH, P.C.
901 Moorefield Park Drive, Suite 200
Richmond, Virginia 23236
(804) 320-6300
(804) 320-6312 (fax)
Chip.Kalbaugh@kpmlaw.com
Brian.Cafritz@kpmlaw.com
Lee.Hoyle@kpmlaw.com


## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that I filed the foregoing Memorandum in Support of Rule 12(b)(1) Motion to Dismiss with the Clerk of Court electronically via the CM/ECF system this 7th day of November, 2013, which caused a true and accurate copy of the same to be sent, to:

Harris D. Butler, III, VSB# 26483
Rebecca H. Royals VSB# 71420
*Counsel for Plaintiffs*
BUTLER ROYALS, PLC
140 Virginia Street, Suite 302
Richmond, Virginia 23219
(804) 648-4848
(804) 648-6814 (fax)
harris.butler@butlerroyals.com
rebecca.royals@butlerroyals.com

/s/ Gary A. Kalbaugh, Jr.
G.A. "Chip" Kalbaugh, VSB# 26310
Brian A. Cafritz, VSB# 34366
James L. Hoyle, VSB# 82238
*Counsel for Defendants*
KALBAUGH, PFUND & MESSERSMITH, P.C.
901 Moorefield Park Drive, Suite 200
Richmond, Virginia 23236
(804) 320-6300
(804) 320-6312 (fax)
Chip.Kalbaugh@kpmlaw.com
Brian.Cafritz@kpmlaw.com
Lee.Hoyle@kpmlaw.com