IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| COOK, HEYWARD, LEE, HOPPER & FEEHAN, P.C., a Virginia Professional Corporation,<br><br>and<br><br>DAVID D. HOPPER, Individually,<br><br>      Plaintiffs,<br><br>v.<br><br>TRUMP VIRGINIA ACQUISITIONS LLC, TRUMP VINEYARD ESTATES LLC, and THE TRUMP ORGANIZATION, INC.,<br><br>and<br><br>JASON GREENBLATT, Individually,<br><br>      Defendants. | Civil Action No. 3:12-CV-0131-HEH |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANTS' RULE 12(b)(1) MOTION TO DISMISS**

COME NOW Plaintiffs Cook, Heyward, Lee, Hopper & Feehan, P.C. (the "law firm"), and David D. Hopper ("Hopper") (collectively, with the law firm, "Plaintiffs"), by counsel, and for their Memorandum in Opposition to Defendants' Rule 12(b)(1) Motion to Dismiss state as follows:

**STATEMENT OF THE CASE**

On February 17, 2012, Plaintiffs filed a Complaint [Document 1] against Defendants Trump Virginia Acquisitions, LLC, Trump Vineyard Estates, LLC, The Trump Organization, Inc. (collectively, the "Trump Entities"), and Jason Greenblatt ("Greenblatt") (collectively, with the Trump Entities, "Defendants"), asserting claims for breach of contract, *quantum meruit*, and

1

defamation *per se*. Hopper brought claims for defamation *per se*, only, while the law firm brought claims against all Defendants for all counts. Defendants filed a Motion to Dismiss Plaintiffs' defamation *per se* claims (Count III of the Complaint) [Document 16]. Following briefing on the issue, the Court granted Defendants' Motion to Dismiss Count III by Opinion and Order[1] [Documents 32 and 33].

Plaintiff Hopper then filed a Motion for Final Judgment pursuant to Rule 54(b) [Document 34], as Hopper was not a party to the contract and *quantum meruit* counts (Count I and II) remaining before the Court. The Court granted Hopper's request for final judgment by Order [Document 36] entered June 12, 2012, and Hopper timely filed his Notice of Appeal to the United States Court of Appeals for the Fourth Circuit [Document 37].

Subsequently, Defendants filed a Conditional Motion for Rule 54(b) Final Judgment [Document 39] as to Plaintiff Cook, Heyward, Lee, Hopper & Feehan, P.C.'s Count III defamation claims. After the Fourth Circuit requested a clarification of the grounds for the Rule 54(b) Entry of Judgment, this Court vacated its June 12, 2012 Order entering final judgment on Hopper's defamation claim, and ordered briefing on the issue [Document 45]. Following briefing by both parties, the Court denied Hopper's Motion for Rule 54(b) Final Judgment by Memorandum Order dated August 24, 2012 [Document 50].

Thereafter, both parties agreed, and sought, to expedite the appeal process on the defamation *per se* claim by entering a Rule 41(a)(1)(A)(ii) Stipulation of Dismissal without prejudice on Counts I and II [Document 51], which the Court approved and entered on August 29, 2012. Following entry of this agreed Stipulation of Dismissal, Plaintiffs again timely filed a Notice of Appeal [Document 54] of the dismissal of Count III.

---

[1] Plaintiffs have filed a Motion and accompanying Memorandum to Reconsider the Court's Dismissal of Count III [Document 72 and 73].

The parties fully briefed the substantive issues before the Fourth Circuit; however, shortly before the parties were set for oral argument, the Fourth Circuit issued its decision in *Waugh Chapel South, LLC v. United Food & Commer. Workers Union Local 27*, 728 F.3d 354, (4th Cir. 2013). A case of first impression for the Fourth Circuit, the *Waugh* decision provides that parties cannot circumvent the stringent interlocutory appeal requirements by voluntarily dismissing claims they intend to later assert in order to make a dismissed claim ripe for appeal. *Id*. at 358-362. Under this ruling, the Court of Appeals indicated that dismissal without prejudice of an unresolved claim that was originally brought with the claim presently on appeal renders the claim on appeal interlocutory until such time as the unresolved claim is finalized or dismissed with prejudice. *See id*. at 361 (quoting *Madsen v. Audrain Health Care, Inc.*, 297 F.3d 694, 698 (8th Cir. 2002)). Due to *Waugh's* procedural similarity to the appeal in this case, the Fourth Circuit requested additional briefing on the issue of whether the Fourth Circuit had jurisdiction over Plaintiffs' appeal of Count III. In their briefing, Plaintiffs/Appellants recognized the issue created by the *Waugh* decision and requested that the Rule 41(a)(2) order be reversed and Count III remanded to the District Court to be rejoined with (the previously voluntarily-dismissed) Counts I and II. [Supp. Br. of Appellants, ECF No. 43].

On September 11, 2013, the Fourth Circuit issued an Order dismissing Plaintiffs/Appellants' appeal for lack of appellate jurisdiction and "remanded to the district court **for reinstatement** [ ] **Counts I and II of the plaintiffs' complaint**, which were previously dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii)." [Appellate Order, ECF No. 47] (emphasis added). Defendants/Appellees then filed a Petition for Rehearing [Appellees' Pet. for Reh'g, ECF No. 49] in which they argued that the Court's Order dismissing the appeal did not address how Count I and II should be reinstated by the District

3

Court, and that ordering reinstatement of Count I and II exceeded the jurisdiction of the Fourth Circuit. The Fourth Circuit denied Defendants/Appellees Petition for Rehearing [Appellate Order, ECF No. 51] without comment.

Subsequently, the matter was re-docketed with this Court, and the Court has issued an Order [Document 68] that, among other things, set trial on Counts I and II for March 12, 2014, and indicates that the Scheduling Order [Document 19] that was entered prior to the dismissal of Count III and the agreed, voluntary dismissal of Counts I and II will govern.

Relying on substantially the same arguments they made in their unsuccessful Petition for Rehearing to the Fourth Circuit, Defendants have now moved this Court, pursuant to Rule 12(b)(1), to dismiss Counts I and II for lack of jurisdiction. For the reasons stated below, Defendants' Rule 12(b)(1) motion should be denied, as this Court, with or without further action, has jurisdiction over Counts I and II pursuant to the September 11, 2013 Order of the United States Court of Appeals for the Fourth Circuit.

## **ARGUMENT**

**I.  Legal Standard**

A Rule 12(b)(1) Motion to Dismiss asserts that the district court does not have subject matter jurisdiction over the Complaint. Fed. R. Civ. P. 12(b)(1). When a defendant challenges subject matter jurisdiction, a court is "to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). The court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.*

## II. The Fourth Circuit Directed this Court to Reinstate Counts I and II

It is undisputed that the United States Court of Appeals for the Fourth Circuit has directed this Court to reinstate Counts I and II of Plaintiffs' Complaint. The September 11, 2013 Order [Appellate Order, ECF. No. 47] plainly states that it is remanding the action "to the district court **for reinstatement of Counts I and II** of plaintiffs' complaint." (Emphasis added.) At the Fourth Circuit, in their Petition for Rehearing, Defendants/Appellees argued that the Fourth Circuit did not have appellate jurisdiction to order the District Court to reinstate Counts I and II. This argument did not persuade the Fourth Circuit, and rehearing was denied [Appellate Order, ECF No. 51]. Defendants may not now ask this Court to declare the Fourth's Circuit Order erroneous, nor urge this Court to ignore the appellate court's instruction. This Court is required to comply with the Fourth's Circuit's mandate. *See*, *e.g.*, *United States v. Rivera-Martinez*, 931 F.2d 148, 150 (1st Cir. 1991) ("When a case is appealed and remanded, the decision of the appellate court establishes the law of the case and it must be followed by the trial court on remand."). The lower court "must comply strictly with the mandate rendered by the reviewing court[,]" and "may not deviate" from same. *Huffman v. Saul Holdings Ltd P'ship*, 262 F.3d 1128, 1132 (10th Cir. 2001). *See also S. Atl. Ltd. P'ship of Tenn., L.P. v. Riese*, 356 F.3d 576, 583-584 (4th Cir. 2004) (adopting and discussing the "mandate rule"). Thus, the only issue before this Court is *how* it chooses to effectuate the Fourth Circuit's clear and unambiguous mandate to reinstate Counts I and II.

## III. Effectuating the Fourth Circuit's Mandate

As noted above, this Court has already adopted the Fourth Circuit's mandate by reinstating Count I and II, setting trial on those counts, and resetting the procedural posture of the case to what it was immediately prior to the agreed, voluntary dismissal of those counts in

5

August 2012. In so doing, the Court was following the clear mandate of the Fourth Circuit, and Plaintiffs believe that no additional action by the Court is required.

In support of their 12(b)(1) Motion to Dismiss, Defendants argue that the Court and/or the parties must take further action to reinstate Counts I and II and re-confer jurisdiction over same on this Court. Should the Court finds that such action is, in fact, necessary to effectuate the Fourth Circuit's mandate, applicable case law clearly provides that the Court may *sua sponte* enter an Order, either under its "inherent powers to modify and interpret its original order" ***or*** pursuant to Rule 60(b) of the Federal Rules of Civil Procedure[2], vacating the dismissal of Counts I and II and/or reinstating Counts I and II. *R.M.S. Titanic, Inc. v. Wrecked & Abandoned Vessel*, 920 F. Supp. 96, 99 (E.D. Va. 1996) (finding that the district court "has the authority to raise this matter either *sua sponte* under Rule 60(b) or under its inherent power to modify and interpret its original Order."). *See United States v. Jacobs*, 298 F.2d 469, 472 (4th Cir. 1961) (Rule 60(b) "need not necessarily be read as depriving the court of the power to act in the interest of justice in an unusual case in which its attention has been directed to the necessity for relief [from a judgment or order] by means other than a motion."); *Simer v. Rios*, 661 F.2d 655, 663 n.18 (7th Cir. 1981), cert. denied, 456 U.S. 917 (1982).

---

[2] Federal Rule of Civil Procedure 60(b) authorizes a district court to grant relief from a final judgment or order for five enumerated reasons or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b) relief from the dismissal order in this case is proper under the "any other reason that justifies relief" provision because the Court has been directed to grant such relief by the Fourth Circuit and a Court "may act in the interest of justice" to follow the Fourth Circuit's direction. *See id*. Moreover, both the procedural history of this case and the effect on same of the change in the law occurring with the issuance of the *Waugh* opinion constitute an "extraordinary circumstance" that warrants Rule 60(b) relief from an order; the parties' intent in seeking the voluntary dismissal of Counts I and II was negated by the Fourth Circuit's holding in *Waugh*. *See id.*

In their supporting brief, Defendants take the position that the fact that the dismissal was voluntary and effected under Rule 41(a)(1)(ii) means that the dismissal was not subject to a court order, and that this renders the Court powerless to reinstate Counts I and II, despite the Order of the Fourth Circuit (which clearly contemplates this Court's ability to do so). While Rule 41(a)(1)(ii) provides, in pertinent part, that a plaintiff "*may* dismiss an action without a court order" (emphasis added) by filing a stipulation of dismissal signed by all parties who have appeared, in the instant case, both parties intended to, and did, execute a Stipulation of Dismissal which specifically provided for entry *upon the order of this Court*, as evidenced by the Court's execution of the document and the language "IT IS SO ORDERED" appearing prominently on the face of the document. [Document 51.] Accordingly, the Stipulation of Dismissal agreed and filed by the parties as to Counts I and II constitutes an order of this Court, and the Court has the power to modify or interpret this Order, as explained hereinabove.

Even assuming, *arguendo*, that the Stipulation of Dismissal does not constitute a court order, Rule 60(b) relief applies not only to a final judgment or order, but to a "proceeding." Fed. R. Civ. P. 60(b). If the Court should find the document at issue, which recites that the Court is ordering something and is signed by Judge Hudson, is not in fact an "order," the effect of the document was to end the "proceeding," and the Court may therefore enter an order under Rule 60(b) to undo that effect. Defendants have submitted no authority, binding or otherwise, holding that a voluntary dismissal made under Rule 40(a)(1)(A)(ii) precludes this Court's ability to reinstate the subject counts upon the order of the Fourth Circuit. In the *Matthews* and *Marex* cases cited by Defendants (*see* Mem. Supp. Mot. Dismiss 4-6 [Document 71]), the Fourth Circuit specifically addressed dismissals made pursuant to Rule 40(a)(1)(A)(i), in which only one party requested relief from the dismissals, the dismissals were by notice, rather than by order of the

7

court, and, most importantly, in the absence of any appellate order to reinstate the dismissed claims. Even *Federated Towing & Recovery, LLC v. Praetorian Ins. Co.*, 283 F.R.D. 644, cited by Defendants in support of their argument, acknowledges a district court's ability to reopen a case where there was an unconditional, voluntary dismissal in the absence of a court order and notes that Rule 60(b) is still a viable option for a court seeking to reopen and set aside such a dismissal. *Id.* at 655. Certainly, the controlling precedent of this District (and within the Fourth Circuit) clearly contemplates a court's ability to revisit consent orders filed by the parties where the interest of justice would be served. *See Roadtechs, Inc. v. M.J. Hwy. Technology, Ltd.*, 83 F.Supp. 2d (E.D. Va. 2000) (holding that a consent decree is as enforceable as a judicial decree and is therefore subject to subdivision (b) of Rule 60 like other judgments and decrees); *Holland v. Virginia*, 188 F.R.D. 241 (W.D. Va. 1999) (a change in the law that affects a consent decree or permanent injunction may be sufficient to find to extraordinary circumstances warranting Rule 60(b)(6) relief).

## **CONCLUSION**

The mandate from the Fourth Circuit is clear: Counts I and II of Plaintiffs' complaint are to be reinstated. Having failed to succeed in their challenge to this ruling at the appellate level, Defendants now ask this Court to find that it lacks jurisdiction over Plaintiffs' contract and *quantum meruit* claims and suggest, at a minimum, that additional procedural steps must be taken to reinstate Counts I and II, the result of which is further delay in the resolution of this matter at the district court level and, ultimately, to Plaintiffs' appeal of Count III (defamation). Regardless of whether Defendants' motion is intended to resolve a simple matter of procedural "housekeeping" or is a strategic attempt to derail the claims properly before this Court, the case

has been remanded by the Fourth Circuit with explicit instructions to reinstate Counts I and II; accordingly, the case should continue to trial on the schedule already set by this Court.

        Respectfully submitted,

        COOK, HEYWARD, LEE, HOPPER &
        FEEHAN, P.C. and DAVID D. HOPPER

        By:    /s/   Rebecca H. Royals
        Harris D. Butler, III (VSB No. 26483)
        Rebecca H. Royals (VSB No. 71420)
        Paul M. Falabella (VSB No. 81199)
        BUTLER ROYALS, PLC
        140 Virginia Street, Suite 302
        Richmond, Virginia 2321
        Telephone: (804) 648-4848
        Facsimile: (804) 237-0413
        Email: harris.butler@butlerroyals.com
               rebecca.royals@butlerroyals.com
               paul.falabella@butlerroyals.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of November, 2013, I electronically filed the foregoing *Plaintiffs' Memorandum in Opposition to Defendants' Rule 12(b)(1) Motion to Dismiss* with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

>G.A. "Chip" Kalbaugh, Jr., Esq.
>Brian A. Cafritz, Esq.
>James L. Hoyle, Esq.
>KALBAUGH PFUND & MESSERSMITH, P.C.
>901 Moorefield Park Drive, Suite 200
>Richmond, Virginia 23236
>804.320.6300 Phone
>804.320.6312 Fax
>Email:   Chip.Kalbaugh@kpmlaw.com
>            Brian.Cafritz@kpmlaw.com
>            James.Hoyle@kpmlaw.com
>
>*Counsel for Defendants*

>____/s/ Rebecca H. Royals____
>Rebecca H. Royals (VSB No. 71420)
>BUTLER ROYALS, PLC
>140 Virginia Street, Suite 302
>Richmond, Virginia 2321
>Telephone: (804) 648-4848
>Facsimile: (804) 237-0413
>Email:   rebecca.royals@butlerroyals.com