IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| COOK, HEYWARD, LEE, HOPPER, & FEEHAN, P.C., a Virginia Professional Corporation; and DAVID D. HOPPER, Individually, <br><br> Plaintiffs, <br><br> v. <br><br> TRUMP VIRGINIA ACQUISITIONS, LLC; TRUMP VINEYARD ESTATES, LLC; THE TRUMP ORGANIZATION, INC.; and JASON GREENBLATT, Individually, <br><br> Defendants. | Civil Action No. 3:12CV131—HEH |

**MEMORANDUM ORDER**
(Denying Defendants' Rule 12(b)(1) Motion to Dismiss)

This is a civil action asserting claims for breach of contract, quantum merit and defamation. By Memorandum Opinion and Order dated May 23, 2012, this Court granted the Defendants' Motion to Dismiss Count III, pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] To facilitate the expedited appeal of the defamation claim contained in Count III, both parties, by agreement, entered a Rule 41(a)(1)(A)(ii) stipulation of dismissal without prejudice on Counts I and II, which this Court approved by order entered August 29, 2012. On September 11, 2013, the United States Court of Appeals for the Fourth Circuit issued an order dismissing Plaintiffs' appeal for lack of appellate

---

[1] On June 12, 2012, this Court entered an Order declaring the dismissal of Count III to be a final judgment as to Plaintiff David D. Hopper, pursuant to Rule 54(b). That order was subsequently vacated on July 23, 2012.

jurisdiction. The Fourth Circuit's order recited the following findings and instructions: "[f]or reasons appearing to the court, this appeal is dismissed for lack of appellate jurisdiction and remanded to the district court for reinstatement of Counts I and II of the plaintiffs' complaint, which were previously dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii)." Defendants subsequently filed a petition for rehearing seeking clarification of the order, specifically how Counts I and II should be reinstated by the district court. In their petition, the Defendants also maintained that the Fourth Circuit's directive to the district court to reinstate Counts I and II exceeded its jurisdiction. Defendants' petition for rehearing was denied without comment.

The Defendants now urge this Court to find that the Fourth Circuit lacked appellate jurisdiction to order the district court to reinstate Counts I and II. This Court declines to do so. A district court is obligated to obey both the letter and spirit of a higher court's mandate. *United States v. Bell*, 5 F.3d 64, 66–67 (4th Cir. 1993).

This Court will adopt a literal construction of the Fourth Circuit's order and reinstate Counts I and II. To effectuate the mandate of the appellate court, this Court will VACATE its August 29, 2012 Order (ECF No. 51) approving the stipulation of dismissal as to Counts I and II, pursuant to Federal Rules of Civil Procedure 60(b)(5) and (6).[2]

The Defendants' Motion to Dismiss, premised on a lack of jurisdiction by the Fourth Circuit to order this Court to reinstate Counts I and II is DENIED. Any challenge

---

[2] Obviously, an order from a higher court provides a "reason that justifies relief" under Federal Rule of Civil Procedure 60(b)(6).

2

to this Court's compliance with a specific directive by the Fourth Circuit should be addressed to that Court.

The Clerk is directed to send a copy of this Order to all counsel of record.

It is so ORDERED.

/s/
Henry E. Hudson
United States District Judge

Date: Dec 2, 2013
Richmond, VA